UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA CHANG,<br><br>  Plaintiff,<br><br>  v.<br><br>JAGUAR LAND ROVER NORTH AMERICA, LLC; and DOES 1-20, inclusive,<br><br>  Defendant. | Case No. 2:19-cv-04944-JWH-MAA<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES AND REIMBURSEMENT OF COSTS [ECF No. 36]** |

Before the Court is the motion of Plaintiff Patricia Chang for an award of attorney's fees and reimbursement of costs.[1]  The Court finds this matter appropriate for resolution without a hearing.  See Fed. R. Civ. P. 78; L.R. 7-15.  After considering the papers filed in support and in opposition,[2] the Court orders that the Motion is **GRANTED**, as set forth herein.

## I. BACKGROUND

Chang sued Defendant Jaguar Land Rover of North American, LLC ("JLRNA") in 2019 under California's lemon law.  The parties settled two years later.  The settlement agreement allows Chang to file the instant Motion for attorney's fees, costs, and expenses,[3] through which Chang now seeks an award of $138,574.50 in attorney's fees and $2,702.61 in expense reimbursements.[4]  Chang bases her request for attorney's fees on a lodestar of $92,383.00 and a lodestar multiplier of 0.5 for a fee enhancement of $46,191.50.[5]  The Motion is fully briefed.

## II. DISCUSSION

JLRNA opposes the Motion for several reasons.  First, JLRNA argues that many of Chang's initial fees were related to investigating and negotiating a claim against a dealership that is not a defendant in this action.[6]  Second, JLRNA avers that it was willing to resolve Chang's claims before litigation began.[7]

---

[1] Pl.'s Mot. for Payment of Attorney's Fees and Reimbursement of Costs (the "Motion") [ECF No. 36].

[2] The Court considered the following papers: (1) the Motion (and its attachments); (2) Def.'s Opp'n to the Motion (the "Opposition") (and its attachments) [ECF No. 39]; (3) Pl.'s Reply in Supp. of the Motion (the "Reply") [ECF No. 40]; and (4) Pl.'s Not. of Supplemental Authority in Supp. of the Motion ("Plaintiff's Supplemental Authority") [ECF No. 44].

[3] Decl. of Isaac Agyeman in Supp. of the Motion (the "Agyeman Declaration") [ECF No. 36-2] ¶ 14.

[4] Motion 4:11-13.

[5] *Id.* at 4:7-10.

[6] Opposition 7:2-5.

[7] *Id.* at 7:5-13.

Third, it contends that Chang's requested hourly rates, hours billed, and lodestar multiplier are excessive.[8]  Each argument fails.  The Court highlights some of the Opposition's deficiencies below.

**A.      Fees Related to the Hornburg Santa Monica Dealership**

California's lemon law "requires vehicle manufacturers to ***promptly*** replace or pay restitution for their lemon vehicles." *Ramos v. FCA US LLC*, 385 F. Supp. 3d 1056, 1071 (E.D. Cal. 2019) (emphasis added) (citing Cal. Civ. Code § 1793.2(d)(2)).  Here, JLRNA agreed that Chang's vehicle qualified for restitution and agreed to replace it in April 2018.[9]  Despite that promise, JLRNA failed to replace or to repurchase Chang's vehicle for approximately seven months.[10]  Two weeks before Chang was scheduled to surrender her vehicle, Chang was rear-ended by a driver who had suffered a seizure.[11]  The vehicle experienced even more physical damage while it was at the dealership for repairs.[12]

Chang was driving the vehicle at the time of the accident only because JLRNA failed to replace it promptly or to repurchase it.  Nevertheless, JLRNA argues that Chang cannot recover "attorney fees incurred as a result of pursuing a prelitigation claim against [a] third party dealership . . . ."[13]

"Attorney's fees need not be apportioned when incurred for representation on an issue common to both a cause of action in which fees are proper and one in which they are not allowed." *Graciano v. Robinson Ford Sales, Inc.*, 144 Cal. App. 4th 140, 158-59 (2006) (quotation omitted).  Here, there

---

[8]      *Id.* at 7:14-8:1.
[9]      Agyeman Declaration ¶ 9.
[10]    *Id.*
[11]    *Id.*
[12]    *See, e.g.*, Opposition 14:19-22.
[13]    *Id.*

existed "an issue common to both" Chang's grievance against JLRNA and her grievance against the non-party dealership. Despite what JLRNA argues in its Opposition, its actions demonstrate that it agrees: JLRNA's own billing records show that it sought contribution from the non-party dealership.[14]

### B. Reductions for Limited Success

JLRNA argues that Chang's attorney fees should be reduced because she experienced only limited success.[15] According to JLRNA, Chang had limited success because she accepted less than 20% of her initial demand. That argument strains credulity. Settlement talks are a process; only rarely is a plaintiff's initial demand accepted outright. The Court is aware of no authority that suggests that a settlement below an initial demand constitutes "limited success." Moreover, JLRNA cites only two cases to support its argument, both of which are inapposite civil rights cases.[16] Chang recovered $50,000 from JLRNA,[17] and she is the prevailing party. *See also Bernardi v. Cty. of Monterey*, 167 Cal. App. 4th 1379, 1398 (2008) ("under a fee statute . . . there is no requirement that the trial court make an award of attorney fees in an amount that is commensurate with or in proportion to the degree of success . . .").

### C. Rates and Hours

To determine whether the requested hourly rates are reasonable, the Court must consider the "hourly amount to which attorneys of like skill in the area would typically be entitled." *Ketchum v. Moses*, 24 Cal. 4th 1122, 1133 (2001). JLRNA cites two lemon law cases in which California courts reduced hourly rates.[18] *See Mikhaeilpoor v. BMW of N. Am., LLC*, 48 Cal. App. 5th 240,

---

[14] *See* Declaration of Brian Takahashi in Supp. of the Opposition (the "Takahashi Declaration") [ECF No. 39-1], Ex. R [ECF No. 39-19].
[15] Opposition 15:9-16:5.
[16] *Id.* at 15:23-16:5.
[17] Agyeman Declaration ¶ 11.
[18] Opposition 16:23-18:14.

251 (2020); *Morris v. Hyundai Motor Am.*, 41 Cal. App. 5th 24, 41 (2019), *as modified* (Oct. 11, 2019) ("in making its calculation of a reasonable hourly rate, the court may rely on its own knowledge and familiarity with the legal market, as well as the experience, skill, and reputation of the attorney requesting fees, the difficulty or complexity of the litigation to which that skill was applied, and affidavits from other attorneys regarding prevailing fees in the community and rate determinations in other cases" (modifications removed) (quotation and citations omitted)).

Chang, by contrast, presents evidence demonstrating that her counsel's billing rates are consistent with similarly situated plaintiff's attorneys.[19] In addition, Chang cites lemon law cases in which California courts upheld hourly rates of $550-$575. *See Shaw v. Ford Motor Co.*, 2020 WL 57273, at *3-*4 (C.D. Cal. Jan. 3, 2020); *Petropoulos v. FCA US LLC*, 2019 WL 2289399, at *1 (S.D. Cal. May 29, 2019); *Ortega v. BMW of N. Am., LLC*, 2019 WL 6792798, at *1 (C.D. Cal. Oct. 24, 2019); *Goglin v. BMW of N. Am., LLC*, 4 Cal. App. 5th 462, 474 (2016).

JLRNA argues unpersuasively that this matter was merely a "simple lemon law case . . . ."[20] Chang rightly rebuts that argument by pointing to the fact that JLRNA's counsel billed over 160 hours on the instant case.[21] By comparison, Chang's counsel billed 181.9 hours.[22] Thus, either both sides billed roughly appropriately, or neither did.

**D.   Multiplier**

A lodestar may be adjusted based upon: "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent

---

[19]   Agyeman Declaration ¶ 21; Plaintiff's Supplemental Authority.
[20]   Opposition 17:12-13.
[21]   Reply 5:3-6.
[22]   Agyeman Declaration ¶¶ 3-5; *id.*, Ex. A.

to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award." *Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001); *see also Robertson v. Fleetwood Travel Trailers of California, Inc.*, 144 Cal. App. 4th 785, 821 (2006) (allowing multiplier in lemon law case). In addition to the *Ketchum* factors, a court may also consider the risk or expense arising from a delay in payment when evaluating the propriety of a multiplier. *See Robertson*, 144 Cal. App. 4th at 821.

Here, the Court finds a 0.5 multiplier to be appropriate. First, Chang obtained a recovery through the settlement of not only compensatory damages, but also civil penalties.[23] Second, counsel took the case on a contingent basis.[24] Third, JLRNA delayed payment or replacement.[25] Fourth, JLRNA's attorney admitted that the case was reasonably complex, in view of the accident that took place during the negotiation process.[26]

### III.  CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Chang's instant Motion is **GRANTED**.

2. Chang is **AWARDED** $141,277.11 from JLRNA, which is the sum of the following:

    a. $92,383.00 in attorney's fees;

    b. a lodestar multiplier of 0.5 for a fee enhancement of $46,191.50; and

---

[23] *Id.* at ¶ 11.
[24] *Id.* at ¶¶ 3-5; Motion, Ex. B [ECF No. 36-3].
[25] *Id.* at ¶¶ 13-15.
[26] *See id.* at ¶ 10.

        c.        $2,702.61 in expense reimbursements.

**IT IS SO ORDERED.**

Dated: December 21, 2022

John W. Holcomb
UNITED STATES DISTRICT JUDGE